## O. H. SJODIN AND ANOTHER v. BEN OLSON.[1]

November 25, 1935.

No. 30,549.

*Fred F. Weddel,* for petitioner-relators.
*L. T. Mahany,* for respondent.

DEVANEY, CHIEF JUSTICE.

This is a motion by the relators for an order of this court remanding to the district court the case above entitled, now pending in this court to review by *certiorari* an order made by the district court denying relators' application for an extension of time to redeem from a mortgage foreclosure sale, made under the provisions of L. 1935, c. 47.

It appears that the respondent, Ben Olson, had a mortgage for $6,000 upon property in the village of Aitkin, Minnesota; that this mortgage was foreclosed by sale on November 25, 1933; that the period of redemption would have expired on November 25, 1934. A first application for extension of time to redeem was. duly made, and the court granted an extension of time to May 1, 1935. Before the expiration of the time so granted, relators made a second appli-

[1]Reported in 263 N. W. 543.

cation to extend the period of redemption up to March 1, 1937. This application was denied by the court, and the matter was brought here for review by *certiorari*. The case has not yet been reached in this court for hearing or determination.

The court denied the application for the second extension of the period of redemption largely on the grounds, as we take it, that the relators had no substantial equity in the property and that there was no prospect that any refinancing or payment to the respondent on his mortgage or certificate of sale could be made.

The motion now before us sets out that since the hearing in the district court and the granting of the writ of *certiorari* by this court facts have developed which appear materially to change the situation. The application sets out that since the order was made by the district court the relators have succeeded in refinancing the mortgage, have procured satisfactions of other liens and an adjustment of taxes, and that they now have on deposit in the Farmers National Bank of Aitkin sufficient funds to pay the respondent's claim and lien against the property and to take care of all obligations to the respondent in case they are permitted to redeem.

We conclude that relators should be permitted to present these new matters to the district court, and, if the district court finds that the respondent will now be paid all claims that he has and all moneys due him on his mortgage sale certificate and for any taxes or other expenditures he has made in the matter, that the court may well exercise its discretion and amend or modify its order so as to permit redemption at this time.

It is therefore ordered that the case be remanded to the district court, with permission to the relators to present the additional and new facts that have arisen since the former order of the district court was made.